IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JULIAN MARTIN,**

        Petitioner,

v.                                       **CIVIL ACTION NO. 5:20-cv-239**
                                                  Judge Bailey

**WARDEN HUDGINS,**

        Respondent.

## MEMORANDUM OPINION AND ORDER DISMISSING MATTER AS MOOT

On November 5, 2020, the petitioner filed a *pro se* Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petition challenges a disciplinary hearing conducted on July 9, 2019, with regard to Incident Report ("IR") number 3262931, which resulted in the loss of good time credits. For relief, the petition seeks expungement of the incident report and restoration of the good time credits.

By Order entered on December 11, 2020, the respondent was directed to show cause why the petition should not be granted. On January 7, 2021, the respondent filed a Motion to Dismiss Petition as being Moot. In support of his allegation that the petition is moot, the respondent notes that the incident report in question has been remanded for rehearing.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See *Powell v. McCormick*, 395 U.S. 486, 496 (1969). Because IR number 3262931 has been remanded for rehearing, the petitioner's challenge to the initial proceeding is moot. See *Rojas v. Driver*, No. 5:06-cv-88, 2007 WL 2789471, at * 3-4, (N.D. W. Va.

Sept. 24, 2007) (Stamp, J.) (a remand for a disciplinary hearing moots claims related to the first hearing as a rehearing cures procedural errors from the first hearing) (internal citations omitted).

Accordingly, it is hereby **ORDERED** that the respondent's Motion to Dismiss **[Doc. 8]** be **GRANTED**, and the Petition **[Doc. 1]** be **DISMISSED AS MOOT**. The petitioner is advised that if he is not satisfied with the outcome of the rehearing, he may file a new habeas petition after he first challenges the results of the rehearing through the BOP's administrative remedy process.

It is so **ORDERED**.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Order to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** January 15, 2021.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**